# EXHIBIT A

## Civil Part Case Summary

**Case Number:** OCN L-002235-25

**Case Caption:** Sakowski Lance Vs Equifax Information Servs Llc

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Ocean | **Case Initiation Date:** 08/15/2025 |
| **Case Type:** Other | **Case Status:** Active | **Jury Demand:** 12 Jurors |
| **Case Track:** 1 | **Judge:** Robert E Brenner | **Team:** 2 |
| **Original DED:** | **Current DED:** | **# of DED Extensions:** 0 |
| **Original Arb Date:** | **Current Arb Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** |

**Plaintiffs**

**Lance Sakowski**

| | | |
|---|---|---|
| **Party Description:** Individual | **Phone:** | |
| **Address Line 1:** | | |
| **Address Line 2:** | | |
| **City:** | **State:** NJ | **Zip:** 00000 |
| **Attorney Name:** John Soumilas | | **Attorney Bar ID:** 020371999 |
| **Attorney Email:** JSOUMILAS@CONSUMERLAWFIRM.COM | | |

**Defendants**

**Equifax Informationservs Llc**

| | | |
|---|---|---|
| **Party Description:** Business | **Phone:** | |
| **Address Line 1:** | | |
| **Address Line 2:** | | |
| **City:** | **State:** NJ | **Zip:** 00000 |
| **Attorney Name:** | | **Attorney Bar ID:** |
| **Attorney Email:** | | |

**Lexisnexis Risk Solutions, Inc**

| | | |
|---|---|---|
| **Party Description:** Business | **Phone:** | |
| **Address Line 1:** A/O Ct Corporation System | | |
| **Address Line 2:** 289 S Culver Street | | |
| **City:** Lawrenceville | **State:** GA | **Zip:** 30046 |
| **Attorney Name:** | | **Attorney Bar ID:** |
| **Attorney Email:** | | |

**Newrez Llc AKA Shellpoint Mortgage Servicing**

| | | |
|---|---|---|
| **Party Description:** Business | **Phone:** | |
| **Address Line 1:** C/O Corp Service Co | | |
| **Address Line 2:** 100 Charles Ewing Blvd, Suite 160 | | |
| **City:** Ewing | **State:** NJ | **Zip:** 08628 |
| **Attorney Name:** | | **Attorney Bar ID:** |
| **Attorney Email:** | | |

**Experian Info. Solutions, Inc.**

| | | |
|---|---|---|
| **Party Description:** Business | **Phone:** | |
| **Address Line 1:** C/O Corp Serv Co Princeton S Corp Ce | | |
| **Address Line 2:** 100 Charles Ewing Blvd, Suite 160 | | |
| **City:** Ewing | **State:** NJ | **Zip:** 08628 |
| **Attorney Name:** | | **Attorney Bar ID:** |

**Attorney Email:**

## ACMS Documents

| Filed Date | Doc Number | Document Type | Filing Party | Doc Status | CO ID | Type | Date Served | Service Status | Party Served |
|---|---|---|---|---|---|---|---|---|---|
| 08/15/2025 | 001 | COMP JRY DEMAND | SAKOWSKI | | | | | | |
| 08/19/2025 | 002 | PRF SERVC | SAKOWSKI | | | | | | |
| 08/25/2025 | 003 | PRF SERVC | SAKOWSKI | | | | | | |
| 08/25/2025 | 004 | PRF SERVC | SAKOWSKI | | | | | | |
| 08/28/2025 | 005 | ACKNOWLDG SERVC | SAKOWSKI | | | | | | |

## Case Actions

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 08/15/2025 | Complaint with Jury Demand for OCN-L-002235-25 submitted by SOUMILAS, JOHN , FRANCIS MAILMAN SOUMILAS, P.C. on behalf of LANCE SAKOWSKI against EQUIFAX INFORMATION SERVS LLC, LEXISNEXIS RISK SOLUTIONS, INC, NEWREZ LLC, EXPERIAN INFO. SOLUTIONS, INC. | LCV20252270061 | 08/15/2025 |
| 08/16/2025 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20252273240 | 08/16/2025 |
| 08/19/2025 | AFFIDAVIT OF SERVICE submitted by SOUMILAS, JOHN of FRANCIS MAILMAN SOUMILAS, P.C. on behalf of LANCE  SAKOWSKI against LEXISNEXIS RISK SOLUTIONS, INC | LCV20252287536 | 08/19/2025 |
| 08/25/2025 | AFFIDAVIT OF SERVICE submitted by SOUMILAS, JOHN of FRANCIS MAILMAN SOUMILAS, P.C. on behalf of LANCE  SAKOWSKI against NEWREZ LLC | LCV20252326716 | 08/25/2025 |
| 08/25/2025 | AFFIDAVIT OF SERVICE submitted by SOUMILAS, JOHN of FRANCIS MAILMAN SOUMILAS, P.C. on behalf of LANCE  SAKOWSKI against EXPERIAN INFO. SOLUTIONS, INC. | LCV20252326752 | 08/25/2025 |
| 08/28/2025 | ACKNOWLEDGEMENT OF SERVICE submitted by SOUMILAS, JOHN of FRANCIS MAILMAN SOUMILAS, P.C. on behalf of LANCE  SAKOWSKI against EQUIFAX INFORMATION SERVS LLC | LCV20252359292 | 08/28/2025 |

John Soumilas
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 940-8000
E: jsoumilas@consumerlawfirm.com

*Attorney for Plaintiff and the Classes*

| | |
|---|---|
| LANCE SAKOWSKI, individually, and on behalf of all others similarly situated, | |
| *Plaintiff*, | Superior Court of New Jersey Law Division Ocean County |
| v. | Case No. |
| EQUIFAX INFORMATION SERVICES LLC; LEXISNEXIS RISK SOLUTIONS, INC.; NEWREZ LLC, d/b/a Shellpoint Mortgage Servicing; and EXPERIAN INFORMATION SOLUTIONS, INC., | Civil Action |
| *Defendants*. | |

Plaintiff Lance Sakowski (hereinafter "Plaintiff") alleges:

## I.    PRELIMINARY STATEMENT

1.    This is a class action for damages arising from Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, in connection with their inaccurate credit reporting, failure to properly investigate consumer disputes, and their reporting practices as consumer reporting agencies and furnishers of credit information.

## II.    JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1681p.

3.      This Court has jurisdiction over Defendants in this action pursuant to N.J.S. Const. Art. 6, Section 3, Paragraph 2 and concurrent jurisdiction over FCRA claims pursuant to 15 U.S.C. § 1681p.

4.      This Court has personal jurisdiction over the parties to this action pursuant to New Jersey Rule of Court 4:4-4.

5.      Venue in this County is appropriate pursuant to New Jersey Rule of Court 4:3-2.

## III.    PARTIES

6.      Plaintiff Lance Sakowski ("Sakowski") is a resident of Toms River, New Jersey and a "consumer" as defined by 15 U.S.C. § 1681a(c).

7.      Defendant Equifax Information Services LLC ("Equifax"), a limited liability company that regularly conducts substantial business in the State of New Jersey, is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

8.      Defendant LexisNexis Risk Solutions, Inc. ("LexisNexis"), a business entity that regularly conducts substantial business in the State of New Jersey, is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) and a "reseller of information" as defined in 15 U.S.C. § 1681a(u).

9.      Defendant Newrez LLC, which does business as Shellpoint Mortgage Servicing, ("Shellpoint"), is a business entity that offers mortgage lending, refinancing, calculations, foreclosure, and other financial services. Shellpoint regularly conducts substantial business within New Jersey and, in the ordinary course of business, furnishes information to various consumer reporting agencies regarding Shellpoint's transactions with consumers and is therefore a "furnisher" of information as contemplated by the FCRA. 15 U.S.C. §§ 1681s-2(a) & (b).

10.     Experian Information Solutions, Inc. ("Experian"), a business entity that regularly conducts substantial business in the State of New Jersey, is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

## IV.     FACTUAL STATEMENT

11.     On or about November 2018, Plaintiff's mortgage began to be serviced by Shellpoint. Consistent with his mortgage obligations, Plaintiff made payments on his mortgage.

12.     On or about April 2020, Plaintiff entered into a COVID forbearance agreement.

13.     The agreement was set to terminate on September 30, 2021. Nearing the end of the agreement, Plaintiff advised Defendant about difficulty making payments. As a result of those discussions, in November 2021, Plaintiff entered into a loan modification.

14.     The modification required Plaintiff to pay a lesser amount for three months (a trial period), November 2021, December 2021, and January 2022 before the modification would become permanent.

15.     In accordance with said modification, Plaintiff paid his loan each month on time throughout the trial period.

16.     Despite Plaintiff keeping up his end of the bargain, Shellpoint began credit reporting Plaintiff as late during the three-month period as 30, 60, and 90 days late.

17.     In late 2023 and continuing into 2024, while applying for credit and being turned down, Plaintiff noticed the credit reporting error and began disputing the information.

18.     Plaintiff disputed the information directly with Shellpoint, but Shellpoint continued reporting the error.

19.     Thereafter, Plaintiff disputed the information with Equifax, advising it of the modification and the erroneous reporting.

20.     Upon information and belief, Equifax forwarded Plaintiff's dispute to Shellpoint.

21.     Upon information and belief, Shellpoint advised Equifax that Plaintiff was in a partial payment plan between November 2021 and January 2022, which Plaintiff was paying on as agreed.

22.     Upon information and belief, Equifax disregarded the information provided by Shellpoint and continued reporting Plaintiff as delinquent during the months of November 2021 and January 2022, with no further indication that Plaintiff had been paying as agreed under a modified plan.

23.     Equifax wholly failed to produce this complete reporting after each of Plaintiff's subsequent disputes in late 2023 and 2024.

24.     Alternatively, Equifax provided no mechanism for Shellpoint to report this data, preventing maximum possible accuracy within its credit reports.

25.     In *Chaitoff v. Experian Info. Sols., Inc*., 79 F.4th 800 (7th Cir. 2023), the Seventh Circuit Court of Appeals addressed an identical fact pattern concerning a trial period and provided specific industry guidance for how such information must be credit reported. The Circuit held that the failure to disclose the existence of a trial period, within the credit report, created an inaccuracy that is actionable within the bounds of the Fair Credit Reporting Act.

26.     With strong guidance from a Circuit Court, the credit industry promptly took notice and changed their policies to ensure accurate credit reporting.

27.    For instance, in Mr. Sakowski's case, Experian properly reported complete and accurate information concerning the trial period, consistent with the law:



28.    Equifax's reporting, however, was simply incomplete, misleading, and inaccurate.

29.    In the alternative, in response to the dispute received from Equifax concerning the erroneous lates during November 2021 through January 2022, Shellpoint failed to provide Equifax with information informing Equifax that during the months of November 2021 and January 2022, Plaintiff was making timely payments consistent with a partial payment plan.

30.    Said reporting was incomplete, and therefore inaccurate.

31.    Shellpoint's reporting also failed to abide by Circuit guidance for another reason. It is well established in the credit industry that the failure to report an account as disputed when known to be disputed is inaccurate and incomplete. *Gorman v. Wolpoff & Abramson*, LLP, 584 F.3d 1147, 1162 (9th Cir. 2009) ("a furnisher's decision to continue reporting a disputed debt without any notation of the dispute presents a cognizable claim under § 1681s-2(b)"); *Saunders v. Branch Banking & Trust Co. of Va*., 526 F.3d 142, 150 (4th Cir. 2008).

32.    Here, Shellpoint knew Plaintiff disputed its reporting but nonetheless failed to report that information to Equifax.

33.     Thereafter, on or about January 2024, Plaintiff submitted an additional dispute to LexisNexis, concerning the erroneous reporting.

34.     Upon information and belief, after receiving Plaintiff's dispute, LexisNexis forwarded Plaintiff's dispute to Equifax and Experian. Thereafter, Equifax and Experian failed to respond to LexisNexis's dispute and failed to conduct an investigation.

35.     In the alternative, LexisNexis failed to transmit Plaintiff's dispute to Equifax and Experian.

36.     Nonetheless, as of December 2024, LexisNexis knew of the incomplete information being reported concerning the lates during the November 2021-January 2022 timeframe but continued reporting them despite having never received confirmation of their accuracy from any source of information.

37.     While attempting to correct these errors, Plaintiff has spent a significant amount of time trying to get a hold of the right documents and disputing the information at issue with LexisNexis, Shellpoint, and Equifax and Experian.

38.     Removing this information was critical to Plaintiff because it prevented him from refinancing his home and caused a decrease in his credit line with at least one of his credit cards, a Wells Fargo account.

## V.     CLASS ACTION ALLEGATIONS

39.     Plaintiff brings this as a class action on behalf of himself and all others similarly situated who were subject to similar FCRA violations.

40.     Plaintiff seeks certification of the following classes, initially defined as follows:

*Shellpoint PPP Class*

All natural persons residing in the United States who entered into a partial payment plan concerning their Shellpoint account and, within two years preceding the filing of this Complaint until the date of the Court's class certification order, submitted a

6

dispute regarding that account to a consumer reporting agency, for which Shellpoint failed to accurately report the existence of the partial payment plan to the consumer reporting agency in response to the dispute.

### Shellpoint Dispute Class

All natural persons residing in the United States who, within two years preceding the filing of this Complaint until the date of the Court's class certification order, submitted a dispute regarding a Shellpoint account to a consumer reporting agency, for whom Shellpoint knew the consumer disputed the information, and for whom Shellpoint failed to accurately report the existence of a dispute to the consumer reporting agency in response to the dispute.

### Equifax Incomplete Reporting Class

All natural persons residing in the United States who, within five years preceding the filing of this Complaint until the date of the Court's class certification order, entered into a partial payment plan with a creditor and for whom Equifax failed to report the existence of that partial payment plan in one or more consumer reports it prepared about the person and published to a third party.

### Equifax Failure to Reinvestigate Incomplete Reporting Class

All natural persons residing in the United States who, within two years preceding the filing of this Complaint until the date of the Court's class certification order, entered into a partial payment plan with a creditor, submitted a dispute regarding the related tradeline directly to Equifax, and for whom Equifax failed to update the tradeline to reflect the partial payment plan in one or more consumer reports it subsequently prepared about the person and published to a third party.

### Equifax Failure to Reinvestigate Reseller Dispute Class

All natural persons residing in the United States who, within two years preceding the filing of this Complaint until the date of the Court's class certification order, submitted a dispute to a credit reporting reseller concerning tradeline data originally furnished by Equifax, where the reseller transmitted the dispute to Equifax, and Equifax failed to respond to or conduct a reasonable reinvestigation of the dispute.

### LexisNexis Class

All natural persons residing in the United States who, within two years preceding the filing of this Complaint until the date of the Court's class certification order, submitted a dispute to LexisNexis regarding tradeline data originally furnished by Equifax, and with respect to whose dispute(s) LexisNexis failed to forward or failed to provide a complete reinvestigation response to the consumer.

41.     Excluded from the Classes are Defendants and any person, firm, trust, corporation, or other entity related to or affiliated with Defendants, including, without limitation, persons who are officers, directors, employees, associates, or partners of Defendants.

42.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues, or modify the class definition as to the geographical location or original creditor or otherwise.

43.     Each of the classes is so numerous that joinder of all members is impracticable. Although the precise number of class members is known only to Defendants, upon information and belief, Defendants have engaged in numerous systematic FCRA violations for hundreds if not thousands of consumers throughout the United States. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable. The exact number and identities of the members of the Classes are unknown at this time and can only be ascertained through discovery. The identifies of members of the Classes can be determined pursuit to a ministerial review of Defendants' records.

44.     There are questions of law and fact common to the Classes that predominate over any questions affecting only individual members of the Classes. These common questions of law and fact include, without limitation: (i) whether Defendants violated the provisions of the FCRA; (ii) whether the Plaintiff and members of the Classes have been injured by Defendants' conduct; and (iii) whether the Plaintiff and members of the Classes have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

45.     Plaintiff's claims are typical of the claims of the classes, which all arise from the same operative facts and are based on the same legal theories: the inaccurate and incomplete reporting of a mortgage modification and/or trial period, a dispute to a consumer reporting agency concerning that inaccurate reporting, and the consumer reporting agency's and/or furnisher's failure or refusal to reinvestigate or update the disputed account.

46.     Plaintiff will fairly and adequately represent Class members' interests. Plaintiff has retained counsel that is experienced in prosecuting complex class action matters, including class actions under the FCRA and, further, Plaintiff anticipates no impediments in the pursuit and maintenance of the class action as sought herein. Neither the Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

47.     This action should be maintained as a class action because questions of law and fact common to class members predominate over any questions affecting only individual class members and a class action is a superior method for the fair and efficient adjudication of this controversy. Indeed, (i) the members of the Classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action; (ii) prosecution of separate actions by individual members of the Classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties; (iii) certification of a class is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy; (iv) a class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender; and (v) class

treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

48.     Absent a class action, the members of the Classes will continue to suffer losses borne from the Defendant's violations of their FCRA rights as well as monetary damages, thus allowing and enabling (a) Defendants' conduct to proceed and (b) Defendants to further enjoy the benefit of their ill-gotten gains.

## VI.     CLAIMS FOR RELIEF

### COUNT ONE
On Behalf of Plaintiff and the Equifax Classes for
Defendant Equifax's Violations of the Fair Credit Reporting Act

49.     Plaintiff repeats, re-alleges, and re-asserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

50.     Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a. Said reports contained the erroneous and incomplete information indicating Plaintiff was delinquent during November 2021 through January 2022.

51.     Said reports contained information about Plaintiff that is false, misleading, and inaccurate.

52.     Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

53.     Equifax negligently and willfully failed to conduct a reasonable investigation in response to Plaintiff's dispute in violation of 15 U.S.C. § 1681i.

54.     Equifax further negligently and willfully failed to conduct a reasonable investigation in response to the disputes received from LexisNexis in violation of 15 U.S.C. § 1681i.

55.     As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

56.     Equifax's conduct, action, and inaction was reckless and/or willful, rendering it liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

### COUNT TWO
On Behalf of Plaintiff and the Shellpoint Classes for
Defendant Shellpoint's Violations of the Fair Credit Reporting Act

57.     Plaintiff repeats, re-alleges, and re-asserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

58.     At all times pertinent hereto, Shellpoint was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

59.     Shellpoint furnished information concerning Plaintiff's account to Equifax.

60.     Shellpoint received disputes from Plaintiff through Equifax concerning the incomplete reporting during the months of November 2021 through January 2022.

61.     Shellpoint willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

62.     After receipt of Equifax's disputes, Shellpoint failed to provide complete information to Equifax.

63.     Shellpoint willfully and negligently failed to conduct a reasonable investigation into the tradeline in dispute.

64.     As a direct and proximate cause of Shellpoint's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

65.     Shellpoint's conduct, action, and inaction was reckless and/or willful, rendering it liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Shellpoint was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## COUNT THREE
On Behalf of Plaintiff and the LexisNexis Class for
Defendant LexisNexis's Violations of the Fair Credit Reporting Act

66.     Plaintiff repeats, re-alleges, and re-asserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

67.     LexisNexis prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

68.     LexisNexis negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b). Specifically, by reporting incomplete credit information concerning Plaintiff after being placed on notice of the incompleteness of the information, LexisNexis failed to assure maximum possible accuracy.

69.     LexisNexis also failed to conduct its investigative duties in violation of 15 U.S.C. § 1681i(f).

70.     As a direct and proximate cause of LexisNexis's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

71.     LexisNexis's conduct, action, and inaction was reckless and/or willful, rendering it liable for actual and statutory damages in an amount to be determined by the Court pursuant to 15

U.S.C. § 1681n. In the alternative, LexisNexis was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**COUNT FOUR**
On Behalf of Plaintiff Individually for
Defendant Experian's Violations of the Fair Credit Reporting Act

72.     Plaintiff repeats, re-alleges, and re-asserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

73.     Experian negligently and willfully failed to conduct a reasonable investigation in response to Plaintiff's dispute in violation of 15 U.S.C. § 1681i.

74.     As a direct and proximate cause of Experian's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

75.     Experian's conduct, action, and inaction was reckless and/or willful, rendering it liable for actual and statutory damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**VII.   JURY TRIAL DEMAND**

76.     Plaintiff demands trial by jury on all issues so triable.

**VIII.  PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lance Sakowski respectfully requests that this Court enter an Order granting Plaintiff the following relief:

A.      Certifying the Classes pursuant to New Jersey Rule of Court 4:32-1 and appointing Plaintiff and his counsel to represent the Classes;

B.      Awarding actual damages, statutory damages, punitive damages, and attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o; and

13

     C.     Awarding such other and further relief as may be necessary, just, and proper.

DATED:  August 15, 2025               Respectfully submitted,

                                             LANCE SAKOWSKI, *on behalf of himself and all others similarly situated*,

                                             */s/John Soumilas*
                                             John Soumilas
                                           Francis Mailman Soumilas, P.C.
                                           1600 Market Street, Suite 2510
                                           Philadelphia, PA 19103
                                           T: (215) 735-8600
                                           F: (215) 940-8000
                                           jsoumilas@consumerlawfirm.com

                                           Daniel Zemel
                                           Zemel Law LLC
                                           400 Sylvan Ave Suite 200
                                         Englewood Cliffs, NJ 07632
                                         T: (862) 227-3106
                                         F: (973) 282-8603
                                         dz@zemellawllc.com

                                           *Attorney for Plaintiff Lance Sakowski and the Proposed Classes*

## <u>CERTIFICATION PURSUANT TO R. 4:5-1(B)(2)</u>

I certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. Nor is there any non-party who should be joined in the action pursuant to R. 4:28 or who is subject to joinder pursuant to R. 4:29-a(b) because of potential liability to any party on the basis of the same transactional facts.

FRANCIS MAILMAN SOUMILAS, P.C.

*/s/John Soumilas*
John Soumilas



New Jersey Judiciary
Civil Practice Division

# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the
black bar is not completed, or attorney's signature is not affixed.

## For Use by Clerk's Office Only

| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |
|---|---|---|---|---|

| Attorney/Pro Se Name<br>John Soumilas | Telephone Number<br>(215) 735-8600      ext. | County of Venue<br>Ocean |
|---|---|---|

| Firm Name (if applicable)<br>Francis Mailman Soumilas, P.C. | Docket Number (when available) |
|---|---|

| Office Address - Street<br>1600 Market Street, Suite 2510 | City<br>Philadelphia | State<br>PA | Zip<br>19103 |
|---|---|---|---|

| Document Type<br>Complaint | Jury Demand ■ Yes   ☐ No |
|---|---|

| Name of Party (e.g., John Doe, Plaintiff)<br>Paintiff Lance Sakowski | Caption<br>Lance Sakowski v. Equifax Information Services LLC |
|---|---|

| Case Type Number (See page 3 for listing)      999      OTHER Violation Fair Credit Report Act |  |
|---|---|
| Are sexual abuse claims alleged? | ☐ Yes   ■ No |
| Does this case involve claims related to COVID-19? | ☐ Yes   ■ No |
| Is this a professional malpractice case? | ☐ Yes   ■ No |
| If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |  |

| Related Cases Pending? | ☐ Yes   ■ No |
|---|---|
| If "Yes," list docket numbers |  |

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | ☐ Yes   ■ No |
|---|---|

| Name of defendant's primary insurance company (if known) | ☐ None   ■ Unknown |
|---|---|

| **The Information Provided on This Form Cannot be Introduced into Evidence.** |
|---|

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

Do parties have a current, past or recurrent relationship?     ☐ Yes     ■ No

If "Yes," is that relationship:

☐ Employer/Employee     ☐ Friend/Neighbor     ☐ Familial     ☐ Business

☐ Other (explain) _____

Does the statute governing this case provide for payment of fees     ☐ Yes     ■ No
by the losing party?

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition.

Complex civil action invoking multiple class action claims under the federal Fair Credit Reporting Act.

Do you or your client need any disability accommodations?     ☐ Yes     ■ No
If yes, please identify the requested accommodation:

Will an interpreter be needed?     ☐ Yes     ■ No
If yes, for what language?

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**

Attorney/Self-Represented Litigant Signature: _____ /s/ John Soumilas _____

# Civil Case Information Statement

**Case Details: OCEAN | Civil Part Docket# L-002235-25**

**Case Caption:** SAKOWSKI LANCE  VS EQUIFAX INFORMATION  SERVS LLC

**Case Initiation Date:** 08/15/2025

**Attorney Name:** JOHN SOUMILAS

**Firm Name:** FRANCIS MAILMAN SOUMILAS, P.C.

**Address:** 1600 MARKET ST STE 2510
PHILADELPHIA PA 19103

**Phone:** 2157350800

**Name of Party:** PLAINTIFF : Sakowski, Lance

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** OTHER Violation Fair Credit Report Act

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Lance Sakowski?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/15/2025
Dated

/s/ JOHN SOUMILAS
Signed

```
OCEAN COUNTY SUPERIOR COURT
OCEAN COUNTY COURTHOUSE
CIVIL LAW DIVISION
TOMS RIVER        NJ 08754
                                  TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (732) 504-0700
COURT HOURS  8:30 AM - 4:30 PM

                       DATE:   AUGUST 15, 2025
                       RE:     SAKOWSKI LANCE  VS EQUIFAX INFORMATION  SERVS LLC
                       DOCKET: OCN L -002235 25


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

     DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON ROBERT E. BRENNER

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (732) 504-0700 EXT 64366.


      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                       ATTENTION:
                            ATT: JOHN SOUMILAS
                            FRANCIS MAILMAN SOUMILAS, P.C.
                            1600 MARKET ST
                            STE 2510
                            PHILADELPHIA       PA 19103


ECOURTS
```

## <u>AFFIDAVIT OF SERVICE</u>

**State of New Jersey**        **County of Ocean**        **Superior Court**

Case Number: OCN-L-002235-25

Plaintiff:
**LANCE SAKOWSKI, individually, and on
behalf of all others similarly situated,**

vs.

Defendant:
**EQUIFAX INFORMATION SERVICES LLC;
LEXISNEXIS RISK SOLUTIONS, INC.;
NEWREZ LLC, d/b/a Shellpoint Mortgage
Servicing; and EXPERIAN INFORMATION
SOLUTIONS, INC**

Received by Kimberly Greenway Services, Inc. on the 18th day of August, 2025 at 12:25 pm to be served on **LexisNexis Risk Solutions, Inc. c/o CT Corporation System, 289 S Culver Street, Lawrenceville, GA 30046**.

I, Kimberly Greenway, being duly sworn, depose and say that on the **18th day of August, 2025** at **2:29 pm, I:**

served **LexisNexis Risk Solutions, Inc. c/o CT Corporation System** by personally serving **Linda Banks CT Corp, Intake specialist, a person authorized to accept service on behalf of the company**, located at **289 S. Culver Street, Lawrenceville, GA 30046** with: CIVIL ACTION SUMMONS; Civil Action; Civil Case Information Statement; TRACK ASSIGNMENT NOTICE;.

**Description** of Person Served: Age: 73, Sex: F, Race/Skin Color: Caucasian, Height: 4'11", Weight: 130, Hair: Grey, Glasses: N

I certify that I am over the age of 18, have no interest in the above action.

Subscribed and Sworn to before me on the 18th day
of August, 2025 by the affiant who is personally
known to me.

_____
NOTARY PUBLIC

**Kimberly Greenway**
GCPS #206

**Kimberly Greenway Services, Inc.**
**505 Lakeland Plaza**
**Suite 308**
**Cumming, GA 30040**
**(404) 487-6085**

Our Job Serial Number: KGS-2025013589

RICHARD BENITO
NOTARY
EXPIRES
GEORGIA
08-14-2028
PUBLIC
DAWSON COUNTY

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0e

PLAINTIFF: **LANCE SAKOWSKI, Individually and on behalf of all others similarly situated.,**

-vs-

DEFENDANT: **EQUIFAX INFORMATION SERVICES, LLC; LEXISNEXIS RISK SOLUTIONS, INC., et al.,**

Docket Number: **OCN-L-002235-25**

**AFFIDAVIT OF SERVICE**

(For Use by Private Service)

**Person to be served** (Name & Address)

NewRez LLC c/o Corporation Service Company
PRINCETON SOUTH CORPORATE CENTER, 100 CHARLES EWING BLVD, SUITE 160, EWING, NJ 08628 EWING, NJ 08628

**Attorney:**

Francis, Mailman, Soumilas, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA  19103

Atty File #: Sakowski

**Papers Served:**

Summons; Class Action Complaint; Preliminary Statement, Civil Case Information Statement; Track Assignment Notice

**Service Data:**

Served Successfully   **X**   Not Served _____     Date: **August 20, 2025**   Time: **03:58 PM**

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household member over 14
years of age residing therein (indicate name & relationship at right)

**X** Left a copy with a person authorized to accept service,
e.g., managing agent, registered agent, etc.
(indicate name & relationship at right)

18583

**Name of Person Served and relationship / title:**

Joseph Cicoria   /   Litigation Management Representative

**Description of Person Accepting Service:**

| | | | | | |
|---|---|---|---|---|---|
| Sex: | Male | Age: | 34 | Height: | 5'10" |
| Skin Color: | White-Caucasian | | Hair Color: | | Black |
| Weight: | 170 | Glasses: | **X** | | |

**Actual Place of Service:**

Princeton South Corporate Center, 100 Charles Ewing
Blvd, Suite 160, Ewing, NJ 08628
Ewing, NJ  08628

**Comments:**

**NICHOLAS LEARY**
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES JULY 29, 2030

**Server Data:**

I, **Theodore Cordasco**, was at the time of service a
competent adult not having a direct interest in the litigation. I
declare under penalty of perjury that the foregoing is true
and correct.

X _____   8/22/2025
Server Name                          Date

Subscribed and Sworn to before me this
22nd day of August, 2025

X _____   July 29th, 2030
Name of Notary / Commission Expiration

Certified Process Service LLC - P.O. Box 77251 - West Trenton, NJ 08628 / Tel: (609) 882-2063




1 of 1

PLAINTIFF: **LANCE SAKOWSKI, Individually and on behalf of all others similarly situated.,**

–vs–

DEFENDANT: **EQUIFAX INFORMATION SERVICES, LLC; LEXISNEXIS RISK SOLUTIONS, INC., et al.,**

IN THE SUPERIOR COURT OF NEW JERSEY LAW DIVISION, OCEAN COUNTY

Docket Number: **OCN-L-002235-25**

**AFFIDAVIT OF SERVICE**

(For Use by Private Service)

**Person to be served** (Name & Address)

Experian Information Solutions, Inc. c/o Corporation Service Company
PRINCETON SOUTH CORPORATE CENTER, 100 CHARLES EWING BLVD, SUITE 160, EWING, NJ 08628 EWING, NJ 08628

**Attorney:**
Francis, Mailman, Soumilas, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA  19103

Atty File #: Sakowski

**Papers Served:**
Summons; Class Action Complaint; Preliminary Statement, Civil Case Information Statement; Track Assignment Notice

**Service Data:**

Served Successfully ___**X**___ Not Served _____      Date: **August 20, 2025**   Time: **03:58 PM**

| | |
|---|---|
| ____ | Delivered a copy to him / her personally |
| ____ | Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right) |
| __X__ | Left a copy with a person authorized to accept service, e.g., managing agent, registered agent, etc. (indicate name & relationship at right) |

18584

**Name of Person Served and relationship / title:**

Joseph Cicoria          /     Litigation Management Representative

**Actual Place of Service:**

Princeton South Corporate Center, 100 Charles Ewing Blvd, Suite 160, Ewing, NJ 08628
Ewing, NJ  08628

**Description of Person Accepting Service:**

| | | | | | |
|---|---|---|---|---|---|
| Sex: | Male | Age: | 34 | Height: | 5'10" |
| Skin Color: | White-Caucasian | | Hair Color: | | Black |
| Weight: | 170 | Glasses: | **X** | | |

**Comments:**

NICHOLAS LEARY
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES JULY 29, 2030

**Server Data:**

I, **Theodore Cordasco**, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

X _____   8/22/2025
        Server Name                        Date

Subscribed and Sworn to before me this

22nd   day of   August, 2025

X _____   July 29th 2030
        Name of Notary / Commission Expiration

Certified Process Service LLC - P.O. Box 77251 - West Trenton, NJ 08628 / Tel: (609) 882-2063




John Soumilas
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 940-8000
E: jsoumilas@consumerlawfirm.com

*Attorney for Plaintiff and the Classes*

| | |
|---|---|
| LANCE SAKOWSKI, *individually, and on behalf of all others similarly situated*, | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION OCEAN COUNTY** |
| *Plaintiff*, | **Docket No. OCN-L-002235-25** |
| v. | <u>**CIVIL ACTION**</u> |
| EQUIFAX INFORMATION SERVICES LLC; LEXISNEXIS RISK SOLUTIONS, INC.; NEWREZ LLC, d/b/a Shellpoint Mortgage Servicing; and EXPERIAN INFORMATION SOLUTIONS, INC., | **ACKNOWLEDGMENT OF SERVICE** |
| *Defendants*. | |

The undersigned hereby acknowledges service of a copy of the Summons, Class

Action Complaint and Track Assignment Notice on this ___27th___ day of August, 2025.

EQUIFAX INFORMATION SERVICES LLC,
*By its Attorneys*,

Ben W. Thorpe
Bondurant Mixson & Elmore LLP
One Atlantic Center, Suite 3900
1201 W. Peachtree St. NW
Atlanta, GA 30309