

DANIEL ZEMEL, ESQ. (NY, NJ, PA)
660 BROADWAY
PATERSON, NEW JERSEY 07514
PHONE:   (862) 227-3106
FAX:       (973) 282-8603
DZ@ZEMELLAWLLC.COM

November 28, 2025

**VIA ECF**

The Honorable Judge Zahid N. Quraishi
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

**RE:**   *Sakowski v. Equifax Info. Servs LLC, et al.,* No. 3:25-cv-15756-ZNQ-JTQ
         Plaintiff's Omnibus Response to Defendants' Pre-Motion Letters

Honorable Court,

Plaintiff submits this Opposition to the pre-motion letters concerning transfer of this action to the Northern District of Illinois submitted by Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), ECF 29, Defendant LexisNexis Risk Solutions, Inc. ("LNRS"), ECF 31, and Defendant Equifax Information Services LLC ("Equifax"), ECF 28, stating as follows:

The submissions of Defendants Shellpoint, LNRS, and Equifax incorrectly argue that because there are two matters involving Mr. Sakowski and at least some of the Defendants in this matter, one in Illinois and the other in this Court, these claims necessarily present the same facts and issues such that they should be considered "duplicative actions" and transferred pursuant to the first-filed rule to the Northern District of Illinois. (Even though it is not a party to the Illinois matter, Equifax separately joins these Defendants in seeking the transfer or stay of this matter.) Because Plaintiff Sakowski's cases present different facts and different legal questions, Defendants' requests should be denied.

Under Third Circuit precedent, because the facts, evidence, and legal issues will be distinct in the two cases, the first-filed rule does not apply here. Rather, the rule applies only "where actions are truly duplicative such that a determination in one action leaves little or nothing to be determined in the other." *Grider v. Keystone Health Plan Cent., Inc*., 500 F.3d 322, 334 n.6 (3d Cir. 2007). If a second case is not "truly duplicative" of the first case, "a second-filed court has an obligation, consistent with *Quackenbush*, to take jurisdiction over the plaintiffs' claims." *Chavez v. Dole Food Co.*, 836 F.3d 205, 220 (3d Cir. 2016). The critical substantive inquiry of the first-filed rule analysis is subject matter. *Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 457 (E.D. Pa. 2013). Only if the subject is substantially the same will the first-filed rule apply.

The subject matter of this New Jersey case is necessarily distinct from the Illinois case. For Shellpoint to be found in violation of the FCRA here, Plaintiff must prove that it failed to conduct

1

a reasonable investigation of the disputed information it received *from Equifax*. Similarly, the liability of Equifax and LNRS is predicated upon their own conduct in connection with credit disputes they received from Plaintiff, not any other Defendant. By contrast, the Illinois case turns on a different factual nexus—the investigation conducted based on information exchanged with the Illinois Defendants, centering around *TransUnion*.

Discovery will bear out these stark differences. First, Plaintiff submitted different disputes to Equifax, TransUnion, and LNRS. In turn, what Shellpoint provided to Equifax, as opposed to TransUnion, as opposed to LNRS, will be different. Second, it is also equally likely that Shellpoint conducted further steps while investigating Equifax's dispute than it did while conducting an investigation of TransUnion's dispute or that of LNRS. If Shellpoint did nothing while handling Equifax's dispute, while conducting a reasonable and rigorous investigation in another dispute (i.e. TransUnion's), can the subject matter be considered substantially the same? No. It involves different facts, different documents, different obligations, and different legal questions.

Further, the resolution of the Illinois case will not leave "little or nothing" left to resolve here. How LNRS or Shellpoint handled Plaintiff's dispute with TransUnion will have nothing to do with how LNRS or Shellpoint handled Plaintiff's dispute with Equifax. This litigation will proceed regardless of those determinations, demonstrating the first-filed rule is not applicable here. In other words, if the Illinois case proceeds to trial, and a verdict is rendered, what impact will that have on the instant case? None. How Shellpoint (or LexisNexis) handled TransUnion's dispute has no bearing on this case. A different jury will need to review, anew, what conduct was conducted by Shellpoint concerning Equifax's disputes. Similarly, TransUnion procedural failures have no relation to Equifax's procedural failures. Though the same result may have occurred, this case does not resolve around the result—its whether each individual Defendant's own procedures were flawed. There is no duplication where different companies have different procedures.

The *only* true duplication or commonality between the New Jersey case and the Illinois case is the fact that Plaintiff had a loan with Shellpoint, but this has no bearing on the liability issues in either case. Nor does this matter for damages purposes, because distinct statutory damages are at issue here.

Finally, the proposed class definitions are distinct in each case. Therefore, the class members in this case are not the same as those in the Illinois case. While there may be *some* overlap in class members, each of the classes will be tailored to the evidence produced in discovery from the respective party (in New Jersey, Equifax; in Illinois, TransUnion). Thus, because the facts will reveal different evidence in each of the two cases—and likely different conduct—the classes are not in fact likely to consist of the same individuals.

                                            Respectfully,

                                            */s/Daniel Zemel*
                                            Counsel for Plaintiff Lance Sakowski